**Agron GJOKA, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3391.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Carl M. Weideman, III, Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Jamie M. Dowd, U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before NORRIS and DAUGHTREY, Circuit Judges; and OLIVER, District Judge.*

*ORDER*

Agron Gjoka petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Gjoka is a native and citizen of Albania, who entered the United States as a non-immigrant visitor in 1995. Gjoka admitted that he had remained in this country beyond the time that was permitted by his visa, but he also applied for asylum and the withholding of removal.

---

* The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Gjoka alleged that he had been persecuted in Albania because his family participated in an opposition political movement and sought the return of property that had been seized from them by the Communists in 1945. When it came into power, the Democratic Party recommended that some of the land be returned to his family. However, Gjoka alleged that the family that had been given the land continued to build on it and to treat it as their own. Thus, Gjoka's family confronted them and the resulting "shoot out" left two dead and a number of wounded. Gjoka alleged that his father was imprisoned, even though he had not been armed during the confrontation.

An immigration judge ("IJ") denied Gjoka's applications for relief because his testimony was not fully credible and because he had not demonstrated a well-founded fear of persecution. Our analysis is focused on the IJ's decision, as it was affirmed by the BIA without opinion on February 13, 2003. *See Denko v. INS*, 351 F.3d 717, 726 (6th Cir.2003).

Gjoka argues that his due process rights were violated because a full panel of the BIA did not perform an individualized review of his administrative appeal and because the BIA affirmed the IJ's decision without issuing a reasoned opinion. However, our court recently rejected similar arguments in upholding the BIA's streamlined appeals procedure against both administrative law and due process challenges. *See id.* at 727–30 & n. 10. Therefore, it is now clear that Gjoka's due process claim is unavailing.

To obtain asylum, Gjoka must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A "refugee" is defined as an alien who is unable or unwilling to return to his home country "because

of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for the withholding of removal, Gjoka must show a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). A petition for judicial review should not be granted unless the evidence is so compelling that no reasonable adjudicator could fail to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir.2001).

The IJ found that Gjoka's testimony was not fully credible because he had not discussed his alleged arrests in his written applications, even though he later testified about them at some length during his hearing. The IJ's factual determination regarding credibility must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir.2004).

■ Gjoka now generally argues that the IJ's credibility finding was erroneous. However, this conclusory argument does not satisfy his burden of showing that any reasonable adjudicator would be compelled to reach a different conclusion than the IJ. Moreover, the disputed credibility issues involve matters that go to the heart of Gjoka's allegation that he was persecuted. In light of the IJ's credibility finding, Gjoka has not presented compelling evidence to support his asylum claim. *See Yu*, 364 F.3d at 703–04; *Chebchoub v. INS*, 257 F.3d 1038, 1043–45 (9th Cir.2001).

■ The IJ also found that Gjoka would not have a persuasive claim for relief, even if his testimony were credible. In so ruling, the IJ noted that the alleged persecution involved a violent confrontation with the family that was allegedly in unlawful

possession of land that belonged to Gjoka's family. Thus, Gjoka had not shown that he was persecuted on account of one of the grounds that are enumerated in 8 U.S.C. § 1101(a)(42)(A).

Gjoka now argues that most asylum claims include government activity that could be considered to be unlawful. However, the IJ did not exclude criminal or quasi-criminal activities from the definition of persecution. Instead, he found that Gjoka had not suffered past persecution because his family's dispute was over land, rather than one of the grounds that is protected by the statute. Gjoka has not met his burden of showing that any reasonable fact-finder would be compelled to reach a different conclusion than the IJ on this issue. *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

The evidence in this case does not compel a finding that Gjoka is a refugee because it does not show that he was persecuted in the past or that he has a well-founded fear of persecution in the future. *See Elias–Zacarias,* 502 U.S. at 483–84; *Yu,* 364 F.3d at 704. Consequently, Gjoka has not established eligibility for asylum, and he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review is denied.